UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,           Case No. 1:02-cr-266-04

v.                                    HON. DAVID W. McKEAGUE

RICHARD JOHN MILLER,

            Defendant.
_____/

**MEMORANDUM OPINION AND ORDER REDUCING SENTENCE**

On November 26, 2003, the Court sentenced defendant Richard John Miller to 240 months imprisonment. Defendant pled guilty to an indictment charging him with conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1). At sentencing, defendant faced a guideline range of 135 - 168 months, based on an offense level of 31 and a criminal history category of III, but defendant faced a mandatory minimum sentence of 240 months, due to a prior drug conviction in 1986.[1]

The government has moved for a reduction of this sentence pursuant to Fed. R. Crim. P. 35(b) based on defendant's subsequent substantial assistance in investigating and prosecuting offenses by another person. The government's motion, filed before the Supreme Court rendered its decision in *United States v. Booker*, -- U.S.--, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), recommends

---

[1] Defendant was sentenced to fifteen years' imprisonment in 1986 for Continuing Criminal Enterprise ("CCE"), W.D. Mich. Case No. 1:86-CR-38.

1

a reduction in sentence limited to release of the mandatory minimum sentence.[2]

In *United States v. Booker*, -- U.S.--, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the Supreme Court held that Booker's Sixth Amendment right to trial by jury was violated when the sentencing judge who increased his sentence based on a fact found by the judge based on a preponderance of the evidence (rather than by the jury on proof beyond a reasonable doubt). *Id.* at 749. The Court, in *Booker,* held that mandatory enhancement of a sentence pursuant to the Guidelines, based on facts found by the court alone, violates the Sixth Amendment. *Id.* The Court excised the provision of the Guidelines that made their application mandatory. Thus, after *Booker*, the Guidelines are advisory only.

The government recommends, that given defendant's prior CCE conviction, a sentence of less than fifteen years (180 months) would be excessively lenient. The government suggests the Court use the statutory "mandatory minimum" as a starting point to calculate defendant's reduced sentence. At the time of sentencing, defendant's mandatory minimum sentence was 240 months, and a sentence of 168 - 210 months would have equated to a two-level downward departure. The government argues and the Court finds, that a sentence in the range of 168 - 210 months reflects defendant's level of cooperation. The government "firmly advocates for a sentence at the high end of the Guideline range." United States' Brief in Support of Motion for Reduction in Sentence at 3.

The government's motion is committed to the discretion of the Court. In exercising this

---

[2] At the time defendant was sentenced and when the government's motion was filed the Guidelines were still mandatory and a release of the mandatory minimum sentence would have allowed defendant to be sentenced within the guideline range of 135 - 168 months.

discretion, the Court is guided by the factors enumerated in U.S.S.G. § 5K1.1.[3] Fed. R. Crim. P. 35(b).[4] The nature and extent of defendant's assistance is summarized in the government's motion. A hearing on the motion would not materially assist the Court. The Court is satisfied that defendant's assistance is properly characterized as "substantial" under the circumstances of this case. Further, the Court has reviewed a memorandum from the Probation Department confirming the appropriateness of a sentence reduction.[5]

Accordingly, the government's motion for reduction of sentence is **GRANTED**. In the

---

[3] Section 5K1.1 provides:

>Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the Court may depart from the guidelines.

>(a) The appropriate reduction shall be determined by the Court for reasons stated that may include but are not limited to, consideration of the following:
>
>  (1) the Court's evaluation of the significance and usefulness of the defendant's assistance rendered;
>  (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>  (3) the nature and extent of the defendant's assistance;
>  (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>  (5) the timeliness of the defendant's assistance.

[4] The Court understands the Guidelines are advisory under *Booker*, 125 S. Ct. 738, and finds their guidance helpful for purposes of determining the proper reduction in defendant's sentence.

[5] Defendant filed a response to the government's motion, asking the Court to reduce his sentence to 97 months and to hold the Court's ruling on the instant motion in abeyance until the Court has ruled on defendant's 28 U.S.C. § 2255 motion. The Court finds that the defendant has not provided the Court with any basis for a further reduction in sentence. Furthermore, the Court will deny defendant's request to hold its ruling on this motion in abeyance pending a ruling on defendant's 28 U.S.C. § 2255 motion.

opinion of the Court, the seriousness of defendant's criminal activity, defendant's criminal history and the substantiality of his subsequent assistance to the government are appropriately accounted for in an amended sentence of 210 months imprisonment. *See* 18 U.S.C. § 3553. This term of imprisonment is fair under all the circumstances.

Therefore, defendant Miller's sentence, imposed on November 26, 2003, is hereby **AMENDED** and **REDUCED** from 240 to 210 months' imprisonment. The sentence remains in all other respects unchanged.

**IT IS SO ORDERED**.

Dated: June 20, 2005                                      /s/   David W. McKeague
                                                         HON. DAVID W. McKEAGUE
                                                         UNITED STATES CIRCUIT JUDGE

---

*The Honorable David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.