UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD JOHN MILLER,

        Movant,

                                          File No. 1:02-CR-266

v.

                                          HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/


## O P I N I O N

This matter comes before the Court on Movant Richard John Miller's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on November 26, 2003.

### I.

On August 7, 2003, in accordance with a written plea agreement, Movant entered a plea of guilty in this Court to one count of conspiracy with intent to distribute and to distribute in excess of 1000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b).  In the plea agreement, Defendant agreed to plead guilty both to the offense charged in the first superseding indictment and to a second supplemental indictment for having a past felony drug conviction.  He agreed that the statutory maximum for the offense, in light of his admitted past felony drug conviction, was a term of imprisonment not less that 20 years and not more than life.  Defendant also agreed to cooperate with law

enforcement in the investigation of crimes and to provide testimony in any resulting prosecutions.  In addition, Defendant agreed not to contest the state forfeiture of his interest in a 1994 Ford Econoline van and a 29-foot 1994 SeaRay Water Craft.  (Plea Agreement, ¶¶ 1-4, 9; Docket #87.)

In exchange for Defendant's promises, the government agreed not to file additional charges arising out of disclosed information.  It also agreed not to challenge an adjustment to Defendant's sentence offense variable for acceptance of responsibility.  The government further agreed that, if Defendant fully cooperated and materially and substantially assisted the government in the investigation and prosecution of others, it would use good faith in evaluating that assistance to determine whether to move to reduce the sentence under U.S.S.G. § 5K1.1 and FED. R. CRIM. P. 35(b).  (Plea Agreement, ¶¶ 5-8; Docket #87.)

On November 26, 2003, the Court held a sentencing hearing.  At the hearing, the government did not file a motion pursuant to U.S.S.G. § 5K1.1.   After resolution of numerous prior objections to the presentence report, the parties agreed to Guideline calculations of a total offense level of 31 and an offender category of III.  Under the Guidelines, Defendant faced a range of 135-168 months.  However, because of the prior felony drug conviction, Defendant was statutorily required to be sentenced to a minimum of 20 years.  (Sent. Tr. at 5, 9.)  The government placed on the record certain comments concerning Defendant's cooperation.  It represented that, while Defendant had cooperated with the government, his cooperation did not at that juncture rise to the level of substantial

assistance to support a motion pursuant to U.S.S.G. § 5K1.1, but the government believed it very probably would seek a future reduction pursuant to FED. R. CRIM. P. 35(b), which would release Defendant from the Guidelines so that he could be sentenced within his Guideline range.  The government advised the Court, however, that, even if such a motion were to be filed in the future, it would still anticipate seeking a significant sentence at the high end of the applicable Guidelines range.  (Sent. Tr. at 7-8.)

The Court found that the applicable Guideline range was 135 to 168 months. However, because of the statutory minimum sentence of 20 years, the Court sentenced Defendant to 240 months in prison, 10 years of supervised release and a $4,080.00 fine.

Movant filed an unsigned *pro se* notice of appeal of his sentence on December 5, 2003.  Defense counsel, having been notified of Defendant's defective filing, perfected Defendant's appeal by filing a signed notice of appeal on December 8, 2003.   On December 9, 2003, counsel wrote to Defendant advising that he had received a letter from Defendant and that he had perfected the appeal on Defendant's behalf.  He further advised Defendant that his appellate issues were limited to sentencing matters, inasmuch as he had pleaded guilty.  Counsel advised Defendant that he did not see any appealable issues, but stated that he would continue to process the appeal on Defendant's behalf and would file the transcript order form with the Court.  In apparent response to Defendant's question, counsel also stated that he would attend any subsequent proffer, depending on where the proffer was

held. Counsel told Defendant that, if Defendant were transferred to a facility in another state, counsel would not be authorized to attend.  (Def. Ex. 26; Docket #183.)

On December 29, 2003, counsel advised the Assistant United States Attorney (AUSA) that he believed Defendant had decided to withdraw his appeal and was offering the government additional information concerning his knowledge about a homicide.  (Def. Ex. 29; Docket #183.)  Shortly thereafter, on January 2, 2004, counsel again wrote the AUSA, confirming that Defendant was withdrawing his appeal and that counsel was preparing the documentation.  (Def. Ex. 29; Docket #183.)  On January 24, 2004, Defendant signed a sworn statement declaring that, after being advised of his rights and having consulted with his attorney, he had decided to forego his appeal.  He therefore requested that the appeal be withdrawn.  (Govt. Ex. 1(D); Docket #216.)  The Sixth Circuit, after consideration of Defendant's motion to voluntarily dismiss and Defendant's affidavit supporting dismissal, dismissed the appeal on February 12, 2004.  (Def. Ex. 30; Docket #183.)

On November 26, 2004, three days before the filing of the instant motion to vacate, set aside or correct judgment, the government moved pursuant to FED. R. CRIM. P. 35(b) to reduce Defendant's sentence.  In its motion, the government misrepresented Defendant's Guideline offender category as a category V, rather than a category III, as found by the Court at sentencing.  The government recommended a sentence reduction to the high end of the resulting 168 to 210-month range.  Upon due consideration, by memorandum opinion and

order entered June 20, 2005, the Court granted the government's motion and reduced Defendant's sentence to 210 months. The Court, however, rejected the government's assertion that the proper range under the Guidelines was 168 to 210 months. Instead, the Court expressly stated that Defendant had an Guidelines total offense level of 31 and an offender category of III, with a Guideline sentence range of 135 to 168 months. The Court, however, discussed the implications of the Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005), which struck down that portion of the Sentencing Guidelines that made their application mandatory. Using the Guidelines as advisory only, and in consideration of the magnitude of the offense and Defendant's prior history, the Court found the more appropriate range was 168 to 210 months. The Court then accepted the government's recommendation to sentence at the high end of that range, or 210 months. (6/20/2005 Mem. Op. & Ord.; Docket #236.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)

5

(citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).  A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal.  *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996).  Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent.  *Bousley v. United States*, 523 U.S. 614, 622 (1998).  The procedural default rule does not apply, however, to claims of ineffective assistance of counsel.  Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review.  *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996).  Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal.  *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## III.

The files and records in this case conclusively show that Defendant is not entitled to relief on his motion.  As grounds for relief, Defendant raises four claims, all of which are based on the ineffective assistance of counsel.[1]

In *Strickland v. Washington*, 466 U.S. 668, 687-88  (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.   The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi*, 90 F.3d at 135 (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's

---

[1]Defendant's motion and memorandum of law (Docket #182) is not a model of clarity. Defendant's assertions are jumbled and his arguments move between disparate legal theories in a confusing fashion.  Throughout this opinion, the Court has attempted to be responsive to each of Defendant's varied concerns, though not all of them are logically cohesive. Further, to the extent Defendant argues claims independent of his claims of ineffective assistance of counsel, the Court notes that those claims are procedurally defaulted. *Bousley*, 523 U.S. at 622 (1998).

actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, to establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

A.    Pre-Plea Negotiations and Signing of Agreement

In his first ground for relief, Defendant asserts that his attorney was ineffective during negotiations with the AUSA in failing to obtain a plea agreement that bound the government to move for a reduction to the sentence pursuant to U.S.S.G. § 5K1.1. He argues that, in a

letter dated July 2, 2003, more than a month before Defendant entered his plea, his attorney advised him that, based on his initial proffer, the government had expressed its willingness to offer a reduction under U.S.S.G. § 5K1.1 that would release Defendant from the 20-year mandatory minimum and allow him to be sentenced on the Guidelines.  (Def. Ex 9.) Defendant asserts that the government's representation was a promise on which he was entitled to and did rely.  As a result, he contends that counsel was ineffective in failing to require the government to file such motion.

Notwithstanding Defendant's representations, counsel specifically advised Defendant in the same letter that the government was concerned about Defendant actually testifying as necessary.  (Def. Ex. 9.)  Counsel further advised that the government maintained the position that, even after any possible future reductions, Defendant should not receive less than 15 years' imprisonment.  In exchange for any agreement, the government also wanted Defendant to forfeit his interest in the van and the boat.  All of these qualifications to a firm agreement reveal that they were just that and were dependent on Defendant's cooperation in future proffers.  That the government eventually elected not to make such a binding offer in no way demonstrates that counsel was ineffective.

Defendant next argues, relying on counsel's July 7, 2003 letter that counsel promised that the government would not oppose a sentence of 108 months. (Def. Ex. 11.)  Further, Defendant argues that, by the time he entered his plea, the government already had breached the agreement by seizing the boat trailer as well as the boat.  He therefore contends both that

his plea agreement is not enforceable because of the government's prior breach and that counsel was ineffective in failing to ensure that Defendant did not obtain better terms.

Defendant's representations concerning counsel's alleged failures are wholly frivolous. First, the excerpt of the July 7, 2003 letter upon which Defendant relies is incomplete and does no more than reveal an agreement by the government not to oppose a sentencing argument discussed in a part of the letter not included in Defendant's exhibit. Further, based solely on the letters submitted by Defendant as exhibits to his motion, it is readily apparent that, not only did counsel render highly competent assistance, Defendant was fully informed of the changing status of the negotiations, which were substantially based on the government's increasing awareness of the full scope of the criminal conduct through its independent investigations. In Exhibit 10 to his motion, Defendant includes a letter from the AUSA dated July 2, 2003. In that letter, the government makes clear that the AUSA had no authority to engage in plea negotiations independently, in light of Defendant's 1996 federal conviction for continuing criminal enterprise. (Def. Ex. 10; Def. Ex. 9.) Indeed, counsel warned Defendant that, should the government choose to charge Defendant for continuing criminal enterprise in the instant case, his mandatory minimum would be life imprisonment. (Def. Ex. 9.) And the government specifically advised that, in offering the plea agreement, it was foregoing the opportunity to file another supplement to convict him as a two-time prior drug felon, which also would have resulted in a mandatory sentence of life imprisonment. (Def. Ex. 10.)

In sum, the extensive history of correspondence regarding the negotiations leading to the plea agreement demonstrate highly professional and effective advocacy by counsel, careful attentiveness to communication with his client, and ample evidence that Defendant was fully advised of all of the advantages and disadvantages of entering into his plea agreement. As a consequence, the evidence unequivocally supports the conclusion that Defendant was fully informed of the consequences of his plea agreement and was acting with complete understanding and voluntariness.

Moreover, a solemn declaration of guilt by a defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Peveler v. United States*, 269 F.3d 693, 702-03 (6th Cir. 2001). Defendant may not belatedly complain that his bargain was other than he thought. *Id.*; *Mabry v. Johnson*, 467 U.S. 504, 510-11 (1984). Although Defendant asserts that he is not disputing whether he entered his plea knowingly, intelligently and voluntarily (Def. Mem. at 18; Docket #182), he unquestionably is suggesting that he believed he would receive a U.S.S.G. § 5K1.1 downward departure at sentencing. However, he expressly acknowledged in the plea agreement both that the government did not promise to make such motion and that the Court had full discretion whether to grant any such motion if it were made. (Plea Agreement, ¶ 7.) Moreover, not only did Defendant sign the detailed plea agreement, Defendant testified at the plea hearing that he agreed to all of its terms and declared that he was aware of each of the specific consequences of his agreement. In addition, after being duly sworn at his plea hearing, he declared that he had had the

12

opportunity to fully discuss the charge in the second superseding indictment with his attorney and that he was fully satisfied with his attorney's advice. (Plea Tr. at 8.)

Defendant next argues that the government breached the plea agreement by confiscating his boat trailer, which was not mentioned in the plea agreement. The argument is frivolous. The plea agreement provided only that Defendant agreed not to contest the Van Buren County forfeiture of two items: the 1994 van and the 1994 boat. Nothing about the plea agreement prevented any governmental agency from subsequently confiscating additional items. No additional forfeiture procedure could breach the agreement. Moreover, as a practical matter, defense counsel advised Defendant on August 11, 2003, that Van Buren County had deleted the van from the forfeiture proceedings and that Defendant could pick it up. Counsel advised, however, that the county had added the boat trailer to the forfeiture. As a result, Defendant in some ways gave up less than he had agreed. (Def. ex. 12.) But in any event, while Defendant would have been free to argue that the trailer was not part of the plea agreement and arguably could have challenged the forfeiture of that item, nothing about the history suggests that the government breached its agreement or that counsel was in any way ineffective.

B.    Rule 11 Change of Plea Hearing

Defendant next contends that counsel was ineffective when he failed to alert the Court that the government had breached the plea agreement by improperly using information provided by Defendant during his off-the-record proffers to enhance the drug weights for

which Defendant was charged.  He also alleges that the government breached the agreement by seeking forfeiture of the boat trailer.

Defendant's arguments are baseless, circuitous and confusing.  First, as the Court previously has observed, the federal government did not and could not breach the plea agreement because another governmental unit decided to seek forfeiture of additional property.  Second, Defendant fails to provide any factual support for his general assertion that the government used any of his proffered evidence against him.  Defendant agreed to plead guilty to an amount in excess of 1000 kilograms of marijuana and he was sentenced based on that amount.  As a consequence, no factual basis exists for concluding that the government breached the plea agreement.  Further, counsel could not have been ineffective for failing to raise the alleged breach with the Court.

In addition, Defendant completely fails to demonstrate any failure on the part of counsel to advocate for Defendant on the basis of his proffer.  The record of exhibits presented by Defendant amply demonstrates that counsel was a vigorous and diligent advocate on Defendant's behalf.  Defendant therefore has completely failed to meet his burden of overcoming the strong presumption that counsel's performance was within the range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.

C.   <u>Assistance During Presentence Investigation and Sentencing Hearing</u>

In his third ground for relief, Defendant asserts that counsel was ineffective in his representation of Defendant during the presentence investigation and the sentencing hearing.

14

Once again, Defendant asserts that the drug weights used at sentencing were derived from his immunized proffers to the government. Defendant again does not support his statement. The statement is at odds with the presentence report, the sentencing hearing transcript and counsel's affidavit. Defendant has wholly failed to meet his substantial burden under *Strickland* to demonstrate either unreasonable professional performance or prejudice.

Further, the record reflects substantial advocacy by counsel during the presentence investigation process. Counsel strenuously argued on Defendant's behalf against the quantity of drugs proposed by the probation department (3,000 kilograms) and he negotiated an agreement with the government that the amount provable was 1,000 kilograms. Further, counsel objected to the probation department's proposed increase to the offense level based on possession of a firearm. While the parties eventually agreed that Defendant would not oppose the two-level increase for the firearm, they negotiated an agreement that, in exchange, the government would waive its objection to the two-level decrease for being a minor participant. As a result, the offense level remained at 31.

Nothing about this history suggests counsel was anything less than highly professional. Further, counsel's advice to Defendant to demonstrate remorse and to cooperate in order to obtain a departure under U.S.S.G. § 5K1.1 clearly was both reasonable and a matter of strategy, regardless of whether Defendant was later disappointed in the government's failure to move for the departure at sentencing. *Strickland*, 466 U.S. at 689 (matters of trial strategy are presumed to be sound). Defendant has failed completely to show

15

any deficiency in counsel's performance or to effectively challenge counsel's strategic decision. *See Nagi*, 90 F.3d at 135 (holding that counsel's strategic decisions were hard to attack).

In sum, Defendant's challenge to counsel's representation during the presentence investigation period and sentencing is frivolous.

    D.    <u>Appeal</u>

In his final claim on collateral review, Defendant asserts that his counsel was ineffective on appeal. First, he alleges that counsel failed to file an appeal on his behalf, thereby abandoning him. Second, he contends that, after he had filed a *pro se* appeal, counsel was ineffective in coercing Defendant to withdraw his appeal by advising him that he had no appealable issues.

With respect to the first prong of his claim, Defendant asserts that counsel improperly failed to counsel him on the advantages and disadvantages of filing an appeal and failed to file an appeal, thereby abandoning Defendant on appeal. In the context of an attorney's alleged failure to appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an attorney fails to initiate an appeal after being specifically instructed to file, he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)).

16

However, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega*, 528 U.S. at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Defendant's reliance on *Flores-Ortega* is misplaced. Even assuming counsel initially failed to file Defendant's appeal when specifically requested to do so or that counsel failed to consult with Defendant as alleged, Defendant was in no way prejudiced by counsel's conduct. Defendant filed a timely but defective *pro se* notice of appeal. Counsel timely perfected that appeal. Because Defendant was never deprived of his opportunity to appeal, the first part of Defendant's argument is meritless.

The second portion of Defendant's claim, that counsel abandoned the appeal, is equally without merit.  Defendant voluntarily withdrew his appeal.  He filed a sworn statement with the Sixth Circuit, declaring that he had been fully advised of his rights by his attorney and that he had discussed his decision to withdraw his appeal with his attorney. Defendant specifically represented that he wished to withdraw the appeal and to forego his rights.  (Pl. Ex. 1(D).)  Defendant may not now introduce contrary statements to undermine his prior sworn agreement, simply because he regrets his earlier decision.  According to Defendant's own representations, he consulted with his attorney, who recommended he abandon his appeal for lack of merit in order to better preserve his opportunity for a significant reduction to his sentence in a future motion under Rule 35(b).  Such advice unquestionably was both strategic and reasonable.  Defendant has again failed to overcome the presumption of effective assistance.  *Strickland*, 466 U.S. at 689.

Defendant argues, however, that counsel was ineffective as a matter of law for failing to file a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).  In *Anders*, the Supreme Court held that, when a court-appointed attorney on a first appeal of right determines that an appeal would be frivolous, he may not simply advise the court of his conclusion and fail to file a brief.  Instead, he must advise the client of his determination and must file a motion to withdraw.  That motion must be accompanied by a brief referring to anything in the record that might support an appeal.  *Id.* at 744.  The defendant in such a case must then be given the opportunity to raise any points he chooses, and the court must review

18

the whole of the record and proceedings to determine whether the case is wholly frivolous. *Id.*

Defendant contends that, because counsel advised Defendant that he believed an appeal would be frivolous, he was required to file an *Anders* brief. Defendant's argument is without merit. The Court will accept as true for purposes of this motion Defendant's allegation that counsel advised him that an appeal would be frivolous and warned Defendant that, should Defendant continue with his effort to appeal, counsel might be forced to file an *Anders* brief. Had Defendant elected to continue with his appeal, counsel undoubtedly would have had such an obligation. Defendant, however, elected to accept his attorney's advice to withdraw his appeal. Counsel was under no duty to file any brief in the instant case, where the Defendant elected to voluntarily dismiss prior to the deadline for filing appellate briefs. *Anders* is inapplicable to the instant case.

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Date:    November 8, 2005            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE